No. 13,593.

ALAMOSA REALTY INVESTMENT AND THEATER COMPANY
v. GORDON STORES COMPANY.

(54 P. [2d] 251)

Decided January 13, 1936. Rehearing denied February 3, 1936.

Mr. ALBERT L. MOSES, for plaintiff in error.

Mr. MERLE M. MARSHALL, Mr. RALPH C. HORTON, Mr. MAX P. ZALL, for defendant in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THE parties appear here in the same order as in the trial court and will be designated in this opinion respectively as plaintiff and defendant, or as lessor and lessee.

This action is to recover rent for a store building in the town of Alamosa. The facts necessary to an understanding of the controversy are substantially as follows: A lease on the building in question was given by plaintiff in 1922. Subsequently it was several times extended and several times assigned, always with the consent of the lessor. The leasehold was last assigned and at the same time a stock of goods in the building sold to defendant by Edward A. Green, on September 15, 1931. The last extension then in force carried the lease to April 30, 1933, and the rental stipulated in the lease was $150 per month, which defendant in accepting the assignment agreed to pay and did pay to and including the month of November, 1931. In December, 1931, due to business conditions, plaintiff reduced the rent to $125 per month, which defendant paid for December, 1931, and throughout the year 1932, when for the same reason the rent was reduced to $100 per month, which defendant paid for January and February of 1933, but did not pay from March 1st to April 30th, the expiration date of the lease as last extended. The jury returned a verdict for plaintiff and judgment was rendered for the amount of rent for these two months, with interest, which defendant admitted it owed and had not paid.

At this point the controversy between the parties begins. Defendant purchased the leasehold, together with a stock of merchandise kept in the building by Edward A. Green; sold out part of the stock; and in a few months moved the remainder to its store across the street from the Green store. It is apparent that from this time on defendant had no further need for the leased premises. Defendant placed the firm of Herrick and Olsen in possession of the building about March 1, 1932, which the latter continued to occupy until March 31, 1934. The dispute arises over the status of Herrick and Olsen, as to whether they were tenants of plaintiff or subtenants of defendant.

Plaintiff contends that it never recognized Herrick and

Olsen as its tenants; that they were placed in possession by defendant as its subtenants, and that plaintiff looked to defendant for the rent; that the holding over by Herrick and Olsen was a holding over by defendant. Plaintiff's evidence tends to support its contention and we shall assume that the evidence is sufficient to sustain them, if the jury had believed it. The court clearly instructed the jury on this theory of the case in the first paragraph of instruction No. 8. This instruction is as follows:

"In this case if you believe from a preponderance of the evidence that the original lease, or the original lease as modified by agreement of the parties, if you find it was so modified, was in force and effect between the parties at the expiration of the term therein provided; that is to say on April 30, 1933, and if you further believe that the defendant held over as defined in these instructions after the expiration of the term, then your verdict will be for the plaintiff, for any rental unpaid at the expiration of the term and in addition thereto you will find for the plaintiff as rental after the term a monthly rental up to and including the month of March, 1934, either at the rate provided in the original contract or at the modified rental, if you believe the rental was modified, and you will allow interest on such amounts from the dates when the different installments were due to this date at the rate of eight per cent per annum.

"If, on the other hand, you find that defendant held possession of said premises under a new and different contract before and on the 30th day of April, 1933, then your verdict will be for the defendant unless you further find that there was unpaid at the expiration of such new lease some part of the rental payable thereunder, in which event your verdict will be for the plaintiff for such unpaid rent with interest at eight per cent per annum."

Defendant contends that the lease under which it entered was terminated by agreement of the parties.

Gordon, the president of the defendant company, testified that he delivered the lease and assignment, under which the defendant entered, to Moffatt, the secretary of the plaintiff company, and that later Moffatt submitted to him a draft of a proposed new lease, the term of which was to begin a year and four months before the old lease, as extended, would have expired. This proposed lease was not satisfactory to defendant and never was executed, and an unsigned copy was admitted in evidence. A part of the testimony of Gordon on direct examination was as follows: "Q. Was there any conversation had at that time with reference to Herrick and Olsen? [Referring to December 31, 1931, or January, 1932] A. That was in another conversation. Q. Well state what that conversation was and when it was as near as you can? A. Why that was in Mr. Moffatt's office with reference to the proposition of a lease to Herrick and Olsen and we talked the matter over and reviewed it and we came to this conclusion in view of the fact the old lease had to run about another year the old lease or close to a year we agreed that I accept a verbal lease on the building to replace the old lease that they took up and they would accept Herrick and Olsen provided I guaranteed or assured them of the rent. Q. Did you do that? A. I did. Q. And for how long a time did you pay that rent? A. For the length of the old lease, there was two months due on it but I intended to and offered to pay them that. Q. And at that time there never was anything in writing? A. No sir. Q. Now did you have a conversation with Mr. Oliver at any time after Herrick and Olsen moved into the store? A. Well several in the year of 1933. That was in the Spring of 1933 I notified him several times my lease was up at the end of March that year and he would have to look afterwards to Herrick and Olsen and told him what my verbal agreement was and I would stand by my verbal agreement but after that he would have to look to them. Q. But you did take care of it up to March, 1933? A. I

did. Q. Was it exactly a year from the time they moved in when you had this conversation with Mr. Oliver? A. Yes sir. Q. Now what did Mr. Oliver say in answer to that? A. He didn't say anything, he said alright, he didn't say anything, he said I can hold you after that. Q. When did you next have a conversation with him? A. Why it was in July I think when he came in for the rent there and wanted his rent, I think it was for March and I don't deny it we was going to pay it to him and recall telling him in view of the fact that it was a verbal lease that I didn't owe him anything but it was a moral obligation and I would take care of it, I said I would and agreed to pay him the February and March or April and March rent, I offered to pay him $200.00.''

From the foregoing it is apparent that testimony in behalf of defendant, if believed, supported its contention that the old lease was supplanted by a new oral agreement entered into between the parties whereby Herrick and Olsen became the tenants of plaintiff, upon the condition that defendant should be responsible for the payment of the rent of Herrick and Olsen to the date that the old lease, as last extended, would have expired. On this phase of the case the court clearly instructed the jury in the second paragraph of instruction No. 8, supra.

Under instruction No. 8, both theories of the case were covered. The jury, if it believed the testimony of the plaintiff, was told to return a verdict for it, and under that instruction might have brought in a verdict for every dollar asked by the plaintiff under its complaint and supplemental complaint. It likewise was instructed that if it believed the testimony of the defendant, to the effect that on the expiration of the old lease, the defendant was holding under a different agreement, the defendant was not liable for the holding over of Herrick and Olsen, but only for such rent as it was obligated to pay under the new or oral agreement, which defendant contended it had entered into.

The case, as the trial court viewed it, and as we see it, is merely one of conflicting evidence, upon which the jury found adversely to plaintiff's contentions, and which finding, under the settled rule, we are not at liberty to disturb.

The assignments of error directed to matters other than those above discussed we have considered, but hold them without merit.

Judgment affirmed.

Mr. Chief Justice Butler and Mr. Justice Burke concur.